FILED
CLERK

11/5/2018 3:49 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NEW YORK
2

3    ------------------------------------X
                                         :
4    UNITED STATES OF AMERICA,           :   18-CR-00530 (GRB)
                                         :
5              v.                        :   100 Federal Plaza
                                         :   Central Islip, New York
6    CHRISTOPHER McCOY,                  :
                                         :   October 9, 2018
7                        Defendant.      :
     ------------------------------------X
8

9          TRANSCRIPT OF CRIMINAL CAUSE FOR BAIL HEARING
               BEFORE THE HONORABLE GARY R. BROWN
10               UNITED STATES MAGISTRATE JUDGE

11
     APPEARANCES:
12

13   For the Government:        LARA TREINIS GATZ, ESQ.
                                United States Attorney's Office
                                Eastern District of New York
14                              610 Federal Plaza
                                Central Islip, New York 11722
15

16   For the Defendant:         EDWARD V. SAPONE, ESQ.
                                Law Offices of Edward V. Sapone
17                              One Penn Plaza
                                Suite 5315
18                              New York, New York 10019
                                Hauppauge, New York 11788
19

20   Court Transcriber:         SHARI RIEMER, CET-805
                                TypeWrite Word Processing Service
21                              211 North Milton Road
                                Saratoga Springs, New York 12866
22

23

24

25


     Proceedings recorded by electronic sound recording, transcript
     produced by transcription service.

1  (Proceedings began at 2:07 p.m.)

2       THE CLERK:  Calling case criminal 2018-530, <u>USA v.</u>

3  <u>Christopher McCoy</u>.

4       Counsel, please state your appearance for the

5  record.

6       MS. GATZ:  Good afternoon, Your Honor.  Lara Treinis

7  Gatz for the United States.

8       THE COURT:  Good afternoon, Ms. Gatz.

9       MR. SAPONE:  Good afternoon, Your Honor.  Edward

10  Sapone for Christopher McCoy who's seated to my right and

11  ready for a change of plea, Your Honor.

12       THE COURT:  Excellent.  Mr. Sapone, good to see you

13  again.  Mr. Sapone, are you retained or appointed in this

14  matter?

15       MR. SAPONE:  I'm retained, Your Honor.

16       THE COURT:  Very good.  Thank you.  Ms. Gatz, what

17  are we doing today?

18       MS. GATZ:  Your Honor, the Government has filed an

19  information which has been randomly assigned to the Court and

20  I would ask the Court to -- that's CR-18-530.  I'd ask the

21  Court to acknowledge the filing of the information and set the

22  defendant's guilty plea today, the one count information.

23       THE COURT:  Okay.  Very good.  So, Mr. McCoy, I just

24  want to cut you a few preliminary matters.  Have you had

25  enough time to talk to your attorney and do you understand

1  what's going on here today?

2             THE DEFENDANT:  Yes, Your Honor.

3             THE COURT:  Ms. Gatz, is this an initial appearance?

4             MS. GATZ:  It is not, Your Honor.

5             THE COURT:  Is not, okay.  So, sir, you've executed

6  a document or you appeared to have executed a document called

7  consent to proceed before a magistrate judge.  This is your

8  signature, yeah?

9             THE DEFENDANT:  Yes, sir.

10            THE COURT:  Okay.  So understand what that means is

11 what you're doing by signing this I'm a magistrate judge.

12 There are judges in this building known as district judges who

13 are congressionally appointed.  By signing this you're

14 agreeing to have your case proceed in front of me.  Do you

15 understand that and is that okay with you?

16            THE DEFENDANT:  Yes, Your Honor.

17            THE COURT:  Good.  Then I will execute this.

18            Now, we have a waiver of indictment form.  Is there

19 a right to an indictment here?

20            MS. GATZ:  There is not, Your Honor.  And secondly,

21 he doesn't have to waive the right to a district judge either

22 for the plea because the Court can in the first instance take

23 the plea but I think in excess of --

24            THE COURT:  I'm not sure about that but it doesn't

25 matter.

1      Let me just go through the indictment thing, sir.
2  It's clear -- I don't believe you have the right to a grand
3  jury proceeding in an indictment.  If you did what that would
4  mean is the Government would have to present your case to a
5  grand jury.  They would make a determination about probable
6  cause and sometimes they find there's no probable cause.  You
7  should know that.  I'm not sure you're entitled to it but by
8  signing this you're indicating that even if you're entitled to
9  it we're letting that go.  Is that right?

10      THE DEFENDANT:  Yes, Your Honor.

11      THE COURT:  All right.  Very good.  Thank you.  So I
12  will execute those two documents.  All right.

13      Sir, I'm going to go through a couple of questions
14  with you.

15      MS. GATZ:  Your Honor, I also just note something
16  before we do and I'd like to hand up the original plea
17  agreement.  In the original agreement the Government indicated
18  the defendant would have to register a sex offender under
19  SORNA.

20      THE COURT:  Yes, I was going to ask about that.

21      MS. GATZ:  Upon further research by Mr. Sapone given
22  the nature of the actual charge that the defendant is
23  intending to plead guilty to he does not have to register
24  under federal or state law.  That's our best understanding at
25  this point.

1          THE COURT:  Okay.  So we will strike that from the

2    agreement then.  All right.

3          So, sir, before proceeding with the plea there are

4    some questions I have to ask you to assure myself that it is a

5    valid plea.  If you don't understand any of my questions just

6    say so and I'll rephrase or reword the question.  Do you

7    understand?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  All right.  I'm going to ask my clerk to

10   swear in you.  Could you just stand up for a moment, please?

11         THE CLERK:  Please raise your right hand.

12              Christopher McCoy, Defendant, Sworn

13         THE COURT:  Have a seat.  Sir, do you understand

14   that having been sworn the answers that you give to me this

15   afternoon will be subject to the penalties of perjury or a

16   different crime that we call making a false statement if you

17   don't answer truthfully?  Do you understand that?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  All right.  How old are you, sir?

20         THE DEFENDANT:  40 years old.

21         THE COURT:  Are you a citizen of the U.S.?

22         THE DEFENDANT:  Yes.

23         THE COURT:  How far did you go in school?

24         THE DEFENDANT:  College graduate.

25         THE COURT:  Have -- are you presently or have you

1  recently been under the care of a physician or psychiatrist?

2         THE DEFENDANT:  No, sir.

3         THE COURT:  In the past 24 hours have you taken any

4  narcotics, drugs, pills, medicine of any kind or had any

5  alcoholic beverages?

6         THE DEFENDANT:  No, sir.

7         THE COURT:  Have you ever been hospitalized or

8  treated for narcotics addiction?

9         THE DEFENDANT:  No.

10        THE COURT:  Is your mind clear today?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Are you confident that you understand

13 what's going on here?

14        THE DEFENDANT:  Yes, sir.

15        THE COURT:  I'm going to ask your attorney a couple

16 of questions.  Counsel to you, have you discussed this matter

17 with your client?  Have you discussed it with your client?

18        MR. SAPONE:  I have, Your Honor.

19        THE COURT:  Does he understand the rights that he'd

20 be waiving by entering a guilty plea?

21        MR. SAPONE:  He does, Your Honor.

22        THE COURT:  And is he capable of understanding the

23 nature of these proceedings?

24        MR. SAPONE:  Yes, Your Honor.

25        THE COURT:  Do you have any doubt in your mind

1  whatsoever as to his competence to proceed?

2           MR. SAPONE:  No doubt whatsoever.

3           THE COURT:  Have a seat.  Sir, back to you.  First

4  of all, you have the right to plead not guilty and if you

5  enter a not guilty plea which I think already happened, you

6  can stand by that not guilty plea.  You understand that;

7  right?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Okay.  If you plead not guilty under the

10 constitution and laws of the United States you're entitled to

11 a speedy and public trial by a jury with the assistance of

12 counsel on the charges.  Do you understand?

13          THE DEFENDANT:  Yes.

14          THE COURT:  I know today that you brought retained

15 counsel with you.  If for some reason you didn't have enough

16 money to continue to pay him counsel would be appointed for

17 you.  Do you understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  At the trial you would be presumed to be

20 innocent and the Government would have to overcome that

21 presumption and prove you guilty by competent evidence and

22 beyond a reasonable doubt and you would not have to prove that

23 you were innocent, and if the Government failed the jury would

24 have the duty to find you not guilty.  Do you understand?

25          THE DEFENDANT:  Yes.

1    THE COURT:  In the course of the trial witnesses for

2  the Government would have to come to court and testify in your

3  presence and your counsel would have a right to cross-examine

4  the witnesses for the Government, to object to evidence

5  offered by the Government and to offer evidence on your

6  behalf.  Do you understand?

7    THE DEFENDANT:  Yes.

8    THE COURT:  If there were witnesses that could be

9  helpful to you that were reluctant to come to court or

10  documents that you needed that were difficult to get, your

11  attorney would have the right to subpoena those witnesses or

12  get an order directing the production of those documents to

13  help you in your defense.  Do you understand that?

14    THE DEFENDANT:  Yes.

15    THE COURT:  At the trial while you would have the

16  right to testify if you chose to do you would not be required

17  to testify.  Under the Constitution of the United States you

18  cannot be compelled to incriminate yourself.  If you decided

19  not to testify the Court would instruct the jury that they

20  could not hold that against you.  Do you understand?

21    THE DEFENDANT:  Yes.

22    THE COURT:  If you plead guilty and I ultimately

23  accept that plea you will be giving up your constitutional

24  rights to a trial and the other rights I've just discussed.

25  There will be no further trial of any kind and no right to

appeal or to collaterally attack at any time the question of whether you're guilty or not.  A judgment of guilty would be entered on the basis of your guilty plea and that judgment can never be challenged.  Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  You may, and I emphasize may, have the right to appeal with regard to sentence but not as to the guilty plea itself.  Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  If you plead guilty I will have to ask you questions about what you did in order to satisfy myself that you are guilty of the charge to which you seek to plead guilty and you'll have to answer those questions and acknowledge your guilt.  Thus, you'll be giving up your right not to incriminate yourself.  Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Are you willing to give up your rights to a trial and the other rights that I just outlined?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  There's a document called a plea agreement here.  I believe I see your signature at the end. Did you read this and review it with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  I'm going to ask Ms. Gatz to summarize the important portions of this for you.  Would you

1  do that, please, Ms. Gatz?

2         MS. GATZ:  Yes, Your Honor.  Your Honor, the plea

3  agreement indicates that the defendant will waive indictment

4  to the extent that he has that right and plead guilty to this

5  information filed in this district that charges a violation of

6  civil rights.  The count carries a maximum term of

7  imprisonment of one year and a minimum term of zero years, a

8  maximum term of supervised release of one year, and if that's

9  violated he could be sentenced up to a year without any credit

10 for pre-release imprisonment or time previously served on post

11 release supervision.

12         Specifically in this particular plea agreement, Your

13 Honor, the guideline range is the statutory maximum which is

14 one year.  Notably in the agreement the defendant agrees to

15 plead guilty and agrees to jointly recommend to the Court that

16 the appropriate sentence in this matter is one year in

17 custody.

18         The defendant agrees that he's not a prevailing

19 party.  He can't sue the Government.  And all the other sort

20 of standard provisions apply and of course the officers agreed

21 in this agreement not to bring additional charges against the

22 defendant for any of the conduct that happened on the date in

23 question which I believe is March of 2017 -- March 16, 2017.

24         THE COURT:  All right.  And one more thing I'm going

25 to ask Ms. Gatz to do.  We talk about the elements of a crime.

1   Those are the basic things that the Government would have to
2   prove in order to establish your guilt at trial if the matter
3   went to trial.  Ms. Gatz, could you just outline what the
4   elements are here, please?

5           MS. GATZ:  Yes, Your Honor.  The Government would
6   have to prove that the defendant while acting under color of
7   law, and we understand that to mean to be a law enforcement
8   officer in this particular instance, knowingly and willfully
9   deprived Jane Doe of a right and privilege secured and
10  protected by the constitution and laws of the United States,
11  specifically the right to be free from a deprivation of
12  liberty with that due process of law which right includes the
13  right to bodily integrity by causing contact between Jane
14  Doe's mouth and the defendant's penis against Jane Doe's will.

15          THE COURT:  Okay.  So, sir, I just want to make sure
16  you understand those are the elements of the crime.  This is
17  what the Government would have to prove if you went to trial.
18  Do you understand that?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  I assume you've discussed this as well
21  as the charging instrument and so forth with your attorney;
22  yes?

23          THE DEFENDANT:  Yes.

24          THE COURT:  I'm going to just run through -- I know
25  Ms. Gatz did this briefly but I just want to run through the

potential penalties here.  Now, it looks like there's a one

maximum term of imprisonment with no minimum term of

imprisonment.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And there's a maximum supervised release

term of one year.  Has somebody explained to you what

supervised release is?

THE DEFENDANT:  Yes.

THE COURT:  It's like a probation or parole.  It

means you're out on your own, you finish whatever sentence

you're going to serve but you're still under the supervision

of the Court and if you violate certain rules, you don't

comply with certain conditions you can go back to jail here

for up to another year.  Do you understand?

THE DEFENDANT:  Yes.

MS. GATZ:  There's a maximum fine of $10,000.  Do

you understand that?

THE DEFENDANT:  Yes.

THE COURT:  I don't think there's a minimum fine but

there is mandatory restitution.  Ms. Gatz, what do you do with

that in this sort of case?

MS. GATZ:  Your Honor, in this case the Court will

determine restitution if any at sentencing.

THE COURT:  I understand that but what --

MS. GATZ:  For example, the victim could come

forward and say she needed to attend therapy sessions in a
certain amount.

THE COURT:  Okay.  Okay.  So there could be expenses
that may be charged to you as part of your sentence.  Do you
understand that?

THE DEFENDANT:  Yes.

THE COURT:  I can't estimate those for you now.  I
don't know -- it might be zero.  It might be something.  I
don't know.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  There's a $25 special assessment
that you must pay.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And we've knocked out the other penalty
issues.  So we don't need to talk about that.

I imagine you discussed with your attorney the
sentencing guidelines and other sentencing factors that the
Court must consider.  With your attorney you had that
discussion; yes?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  So you understand then, sir, the
sentencing guidelines are not mandatory but that in sentencing
the Court is required to consider the applicable guideline
range along with the statutory factors listed in 18 U.S.C.
1353(a) and what that means is the Court will consider the

1  nature and circumstances of the offense and your criminal

2  history if any and your personal characteristics.  Do you

3  understand?

4          THE DEFENDANT:  Yes.

5          THE COURT:  What that means is although in this

6  particular case the attorneys believe that the guidelines and

7  the statutory sentence are the same the only guarantee here is

8  that statutory sentence that you can't get more than a year

9  but that's the only guarantee you have.  Do you understand?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  In formulating a sentence the Court must

12  consider other statutory factors including the seriousness of

13  the offense, just punishment, protection of the public from

14  additional criminal conduct by you and/or by others.  Do you

15  understand all that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Okay.  Sir, you realize that if the

18  sentence is more severe than you expect you will be bound by

19  your guilty plea and you will not be permitted to withdraw it.

20  Do you understand?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you have any questions you'd like to

23  ask me about the charges, your rights, or anything else

24  related to this matter?

25         THE DEFENDANT:  No, Your Honor.

1          THE COURT:  Are you ready to proceed?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Okay.

4          MS. GATZ:  Your Honor, I have to add one thing.  I'm

5     sorry.  In terms of an appeal the defendant has agreed to

6     waive his right to appeal if the Court sentences him to a year

7     or less.  So he's essentially -- by operation of law he has a

8     very limited right to appeal under very limited circumstances.

9          THE COURT:  Right.  So Ms. Gatz's point is that as

10    to the sentence itself there's not much room, right, I mean

11    theoretically you could maybe appeal the fine or the

12    supervised release or something but as to the year you've

13    waived that.  You understand that; yes?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Okay.  Counsel, do you know of any legal

16    reason why your client should not plead guilty?

17         MR. SAPONE:  I do not, Your Honor.

18         THE COURT:  Good.  Back to you, sir, before I

19    proceed with the plea, are you satisfied with your legal

20    representation up to this point?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Does that mean you think your attorney

23    did a good job?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Okay.  In that case, sir, then what is

your plea to the sole count of the information which
information again charges that violation of civil rights as
Ms. Gatz outlined earlier?  What is your plea, guilty or not
guilty?

        THE DEFENDANT:  Guilty, sir.

        THE COURT:  Are you making that plea of guilty
voluntarily and of your own free will?

        THE DEFENDANT:  Yes.

        THE COURT:  Has anyone threatened you or forced you
to plead guilty?

        THE DEFENDANT:  No.

        THE COURT:  Other than the agreement with the
Government, which is as stated on the record is in this plea
agreement, has anyone made you any promises that caused you to
plead guilty?

        THE DEFENDANT:  No.

        THE COURT:  Has anyone made you a promise as to what
your sentence will be?

        THE DEFENDANT:  No.

        THE COURT:  In that case, sir, please describe in
your own words that you did in connection with the charge to
which you're pleading guilty to?

        MR. SAPONE:  Your Honor, may I have a moment,
please?

        THE COURT:  Sure.

1          [Pause in proceedings.]

2          THE COURT:  Sir.

3          MR. SAPONE:  So, Your Honor, Mr. McCoy and I have

4 prepared for his allocution and we actually wrote out his

5 statement.  These are his words and his statement.  May he

6 read his statement from the paper?

7          THE COURT:  Of course.

8          MR. SAPONE:  Thank you.

9          THE COURT:  Absolutely.  Any time you're ready, sir.

10          THE DEFENDANT:  On or about March 16, 2017 during my

11 duties as a Suffolk County New York Police Officer I arrested

12 Jane Doe in Suffolk County.  She was the subject of several

13 open arrest warrants.  I transported her to the 1st Precinct

14 in Babylon.  There while acting under color of law I knowingly

15 and willfully deprived Ms. Doe of her right to bodily

16 integrity, a right protected by the U.S. Constitution and laws

17 of the U.S.  I used my position as a police officer to

18 persuade her to cause her mouth to make contact with my penis

19 while in custody at the precinct and she felt she did not have

20 a choice.

21          THE COURT:  Is that sufficient, Ms. Gatz?

22          MS. GATZ:  Your Honor, the victim would testify she

23 felt that this was against her will.  While she didn't express

24 it overtly in terms of loudly protesting that this was against

25 her will I think it's appropriate for the defendant to say he

1  did not have her consent.

2          THE COURT:  I'm sorry.  You think it's

3  inappropriate?

4          MS. GATZ:  Appropriate for him to -- to ask the

5  Court of the defendant whether or not he had her consent.

6          THE COURT:  I thought he said that but I will ask

7  that question anyway.

8          Did you have her consent to do this, sir?

9          THE DEFENDANT:  No.

10          THE COURT:  Anything else, Ms. Gatz?

11          MS. GATZ:  No, Your Honor.

12          THE COURT:  All right.  Counsel, would you like to

13  add anything to that?

14          MR. SAPONE:  No thank you, Your Honor.

15          THE COURT:  All right.  In that case I'm going to

16  ask Ms. Gatz to outline the proof the Government would have

17  offered had this matter gone to trial.

18          MS. GATZ:  Yes, Your Honor.  Jane Doe would have

19  testified to the events as described by the defendant in that

20  she was arrested and in the precinct she was subject to oral

21  sex without her consent.

22          THE COURT:  Okay.  And we got venue; right?  We know

23  where that happened?

24          MS. GATZ:  Yes, Your Honor.  It happened in Suffolk

25  County and there is medical -- actually the FBI lab and I

don't think they call themselves serologists any more but the FBI lab would confirm that semen from the defendant was present on Jane Doe's shirt after the incident.

THE COURT:  Okay.  And let me just go back to the defendant for a second.  I don't know if you gave me a date but this all happened in or around March of 2017?

THE DEFENDANT:  Yes.

THE COURT:  Okay.

THE DEFENDANT:  March 16, 2017.

THE COURT:  Okay.  Ms. Gatz, anything else you want to add?

MS. GATZ:  Nothing, Your Honor.  Thank you.

THE COURT:  Counsel, anything else you want to add?

MR. SAPONE:  Just that this is a misdemeanor offense, Your Honor.

THE COURT:  I'm well aware, Counsel.  Thank you.

MR. SAPONE:  Thank you.

THE COURT:  So based upon the information provided to me I find the defendant is acting voluntarily, fully understands his rights and the consequences of the plea and that there's a factual basis for the plea.  I therefore accept the plea of guilty to the sole count of the information.

All right.  A few other housekeeping matters.  What are we doing in terms of sentencing?

MS. GATZ:  Your Honor, I'd ask the Court to order a

1  presence investigation report, and I don't know if it's

2  your practice to set a specific date.  As of now you are

3  assigned to this matter for all purposes.  So I don't know if

4  your practice is to set a sentencing date or not.

5              THE COURT:  I think we will.  How much time do we

6  need for a presence report?  Do we know?

7              MR. SAPONE:  Your Honor, I think that probation is

8  backed up on presence investigations.  I spoke with them on

9  other matters and they informed me of such that they're many

10 months behind.  In addition, I'd like to prepare a complete

11 sentencing memorandum with exhibits.

12             THE COURT:  Absolutely.

13             MR. SAPONE:  So as much time as the Court would

14 allow I'd appreciate.

15             MS. GATZ:  I think we're moving on four to six

16 months is the time frame for probation, Your Honor.

17             THE COURT:  Wow.  Okay.  So, Carol, what do we got

18 in four to six months?  Let's do it this way.  Let's set it

19 out for four months and if it's -- we're not there yet we can

20 always -- I will readily grant additional time if we need it.

21             THE CLERK:  February 20th.

22             THE COURT:  February 20th at ten a.m.

23             MS. GATZ:  Is that President's week?

24             THE COURT:  I don't know.

25             MR. SAPONE:  President's Day is the 18th.

1        MS. GATZ:  So can we go to the end of February,

2  please?

3        THE CLERK:  Sure.  The 27th.

4        MS. GATZ:  That's fine.  February 27th.

5        MR. SAPONE:  Yes, Your Honor.

6        THE COURT:  Ms. Gatz obviously takes presidents very

7  seriously.  It's an important thing.  I'm not going to

8  interfere with that.  So the 27th.

9        MS. GATZ:  At eleven -- is it 11:00?  Is that a good

10 time?

11        THE CLERK:  Sure.

12        THE COURT:  Sure.  Good for you, Counsel?

13        MR. SAPONE:  Yes, Your Honor.

14        THE COURT:  Sir, in the interim you are going to

15 have to be in touch with your attorney quite frequently.

16 There's a lot of information that's needed for the presentence

17 report.  Make sure you just keep in touch with your attorney

18 and make sure you know where you're supposed to be and when.

19 Okay?

20        THE DEFENDANT:  Yes, Your Honor.

21        THE COURT:  All right.  I have a sealing envelope in

22 front of me.  Is that for a particular purpose?

23        MS. GATZ:  No.

24        THE COURT:  There's no application?

25        MS. GATZ:  No.

1          THE COURT:  Okay.  Very good.

2          MS. GATZ:  Thank you.

3          THE CLERK:  So this case isn't sealed any more?

4          MS. GATZ:  Yes.  To the extent that it is sealed I

5     move to have it unsealed.  I did not --

6          THE COURT:  I'm not filing the information under

7     seal.

8          MS. GATZ:  It was originally I think sealed with the

9     arrest warrant, Your Honor, but I believe or it should have

10    been unsealed after the arrest.

11         THE COURT:  If it's not it is now.

12         MS. GATZ:  I move to have it all unsealed.  Thank

13    you.

14         THE COURT:  Any objection?

15         MR. SAPONE:  No, Your Honor.

16         THE COURT:  Okay.  So that's done.  All right.

17    Anything else?

18         MS. GATZ:  No, Your Honor.  Thank you.

19         THE COURT:  All right.  Good luck.

20         MR. SAPONE:  Have a nice day.  Thank you.

21         THE COURT:  See you in February.

22    (Proceedings concluded at 2:27 p.m.)

23                        *  *  *  *  *

24

25

1    I certify that the foregoing is a court transcript from

2  an electronic sound recording of the proceedings in the above-

3  entitled matter.

4

5                              _____

6                                   Shari Riemer, CET-805

7  Dated:  November 4, 2018

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25